IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HEARTLAND DENTAL CARE, INC., | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 11-cv-0552-MJR-DGW |
| MORTENSON FAMILY DENTAL CENTER, INC., | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM and ORDER REMANDING CASE

REAGAN, District Judge:

### A. Introduction

This lawsuit arises from a soured relationship between two corporate entities who executed a series of contracts governing a number of dental practices in Indiana and Kentucky. Stripped to its simplest elements, the question before the undersigned Judge is whether the above-captioned case should be litigated in this United States District Court. Plaintiff (who filed the suit in Illinois *state* court) says no and asks to remand the case to the Circuit Court of Effingham County, Illinois. Defendant (who removed the case here) also says no and moves to transfer the case to the United States District Court for the Western District of Kentucky.¹

So neither party wants the case here, but they argue strenuously over where this suit belongs. For the reasons explained below, the undersigned Judge

---

¹ Mortenson contends that subject matter jurisdiction and venue are proper here and transfer to Kentucky federal court is warranted under 28 U.S.C. 1404(a), because "Plaintiff's choice of forum is entitled to little deference," Plaintiff's claims should be construed to fall under a Management Agreement that contains a Kentucky forum selection clause, and transfer will permit this case to be consolidated with a pending lawsuit in Kentucky federal court (albeit a case which Mortenson concedes encompasses different issues than this lawsuit)(see Doc. 10, pp. 2-3).

1

concludes that he must honor a forum selection clause mandating that this case be remanded to the Circuit Court of Effingham County, Illinois.

      B.     Summary of Key Facts and Procedural History

Heartland Dental Care, Inc. ("Heartland"), a Delaware corporation with its principal place of business in Effingham, Illinois, is a dental practice management company that owns and manages dentist offices throughout the United States. Mortenson Family Dental Center, Inc. ("Mortenson"), a corporation incorporated and maintaining its principal place of business in Kentucky, is a dental practice holding company involved in over 40 dental practices in Kentucky and Indiana (Doc. 9, p. 2).

In May 2011, Heartland sued Mortenson in the Circuit Court of Effingham County, Illinois. Heartland claimed that Mortenson breached "contractual, legal, and equitable obligations" to Heartland by mismanaging a joint venture of the two companies. The joint venture – Morheart Dental Management Services, LLC ("Morheart") – is managed by Mortenson, receives profits from Mortenson, and disburses profits to Mortenson and Heartland (Doc. 9, p. 3).

Specifically, Heartland's complaint alleged that Mortenson breached fiduciary duties owed to Heartland (the minority member of the two-member LLC) and breached contractual obligations imposed by "the parties' operative contracts" (Doc. 2-1, p. 2). The complaint references several contracts but focuses on one contract in particular -- a 2008 Purchase and Sale Agreement which Heartland attached to the complaint in its entirety. The complaint declares: "A copy of the Purchase & Sale Agreement is attached hereto as Exhibit A. This action relates to and arises from the Agreement" (Doc. 2-1, p. 5). In compliance with a forum selection clause contained in

that Agreement, Heartland filed its suit against Mortenson in Effingham County (Illinois) Circuit Court.

Mortenson removed the action to this District Court, invoking subject matter jurisdiction under the federal diversity statute, 28 U.S.C. 1332. On threshold review, the undersigned Judge verified the elements of diversity jurisdiction (the amount in controversy easily sufficed, and complete diversity exists between the only two parties to the suit – Plaintiff Heartland and Defendant Mortenson). In reviewing the 2008 Purchase and Sale Agreement attached to the complaint, though, the undersigned Judge discovered the forum selection clause and directed counsel to brief the effect of that provision. They did so in a timely manner, but Heartland sought remand and Mortenson moved to transfer the case to another federal court under 28 U.S.C. 1404(a).

In a July 20, 2011 Order, the undersigned Judge summarized the parties' arguments to date, set a briefing schedule on Mortenson's transfer motion, and indicated that counsel should address certain specific issues in their briefs (Doc. 13). The issues were fully briefed as of August 10, 2011.

C. Analysis

In June 2003, Mortenson filed Articles of Organization forming Morheart, a Kentucky limited liability company. Initially, Mortenson held all 1000 units of (100% of the membership interests in) Morheart. In July 2007, Heartland and Mortenson executed a Purchase and Sale Agreement by which Heartland bought from Mortenson 25% of the membership interest in Morheart (see Exhibit A to Doc. 9-1).

On February 28, 2008, Heartland and Mortenson executed a second Purchase and Sale Agreement which, inter alia, gave Heartland a 40% ownership stake

in Morheart. The Court refers to this contract as "the 2008 PASA." The 2008 PASA delineates certain rights of the parties as to the joint venture LLC (Morheart). For instance, the 2008 PASA imposes limitations on Mortenson's ability to sell or transfer material assets of Morheart, e.g., requiring advance written consent of Heartland to dispose of assets other than sales in the normal course of ordinary business.

Like its 2007 predecessor, the 2008 PASA contains a provision specifying jurisdiction and venue for any disputes arising thereunder. The provision reads (Doc. 2-1, p. 53):

> 6.14. <u>Jurisdiction and Venue</u>
>
> Any action, suit or other proceeding with respect to this Agreement shall be brought in the Circuit Court of Effingham County, State of Illinois. Each Party irrevocably submits to the exclusive jurisdiction of the Circuit Court of Effingham County, State of Illinois, in the event of any action, suit or other proceeding is [sic] brought by the other Party.

That forum selection provision is direct, clear and unambiguous.

Along with the 2008 PASA, the parties executed another contract on February 28, 2008 -- the Second Amended and Restated Operating Agreement of Morheart Dental Management Services, LLC ("the Operating Agreement"). The Operating Agreement (Doc. 2-1, pp. 63-93) delineates additional obligations Mortenson owes Heartland as the manager of Morheart. These include the duty to maintain separate capital accounts for the members (Heartland and Mortenson) (Section 6.7), the duty to make periodic distributions to members (Section 8.2), and the duty to maintain records of Morheart's financial position (Section 10.1).

The Operating Agreement contains a sentence (Section 12.5) stating that Kentucky law governs that agreement, but it contains no jurisdiction or venue provision

(see Doc. 2.1, p. 89).[2]  Heartland appended copies of both the 2008 PASA and the Operating Agreement to its complaint filed in Illinois state court and removed to this District.

Mortenson relies extensively on a third contract – an Amended and Restated Management Services Agreement ("the ARMSA") dated February 28, 2008, replacing a prior Management Services Agreement dated July 27, 2007.  Section 15.2 of the ARMSA states that all disputes arising out of that agreement are "subject to the exclusive jurisdiction and venue of the Kentucky state and federal courts located in Louisville, Kentucky" (Doc. 9-4, p. 9).  However, the ARMSA is not referenced in or attached to Heartland's complaint.  And no claims are brought under the ARMSA.

Mortenson characterizes the task before this Court as determining the proper forum to resolve a host of related disputes between three companies arising from three contracts and involving at least two lawsuits (see Doc. 9, p. 2).  All those companies, contracts, and lawsuits exist.  But the case in front of the undersigned Judge is not so broad in scope.  The suit before this Court presents Heartland's claims against Mortenson for breaches of the 2008 PASA and the Operating Agreement.  Those contracts contain, respectively, a forum selection clause mandating Effingham County Circuit Court and no forum selection clause.

Perhaps Heartland could have included in this complaint additional claims under the ARMSA, *but Heartland opted not to assert those claims*.  The Court uses the word "perhaps" for this key reason.  Heartland is not a *party* to the ARMSA (or the

---

[2] The same is true as to a September 2009 *amendment* to the Operating Agreement.  That Amendment repeats the sentence regarding the application of Kentucky law but includes no jurisdiction or venue provision dictating where suit could be filed (Doc. 2.1, p. 9).

management services agreements which preceded and followed it). The February 28, 2008 ARMSA on which Mortenson relies so heavily lists the only two parties as Morheart ("the Manager") and Mortenson ("the Company") (Doc. 9-4, p. 1). Heartland Dental Care, Inc. is not listed as a party at all. Heartland's "EVP" (presumably, Executive Vice President), John Slack, signed *as a member of Morheart,* but Mortenson has not demonstrated that Slack's signature on behalf of Morheart rendered Heartland (a separate business entity) a *party* to the ARMSA, which was a contract between Morheart and Mortenson.

The complaint before this Court specifically quotes, attaches copies of, and pleads breaches of Mortenson's obligations under the PASA and the Operating Agreement. By way of example, Count I of the complaint alleges breach of Mortenson's duties under Section 4.8 of the 2008 PASA, which prohibits Mortenson from disposing of assets without Heartland's consent. Count II of the complaint alleges breach of Mortenson's obligation to maintain separate capital accounts for each member of Morheart, and this obligation is set forth in Section 6.7 of the Operating Agreement. Other counts plead common law causes of action, violation of Kentucky statutes, and negligent misrepresentation. None of the counts pleads a breach of the ARMSA.

The Court finds persuasive Heartland's argument that the 2008 PASA "appended to Heartland's complaint, is the fundamental contract giving rise to the parties' business relationship, [and] giving Heartland its current 40% ownership interest in Morheart [and] critical rights tied to the maintenance of that interest" (Doc. 8, p. 2). Heartland, the master of its own complaint, elected to sue for breaches of the 2008 PASA and the Operating Agreement. There is nothing inappropriate or impermissible

about Heartland choosing to plead certain claims (arising under the 2008 PASA) and *not* plead others. As the United States Court of Appeals for the Seventh Circuit has repeatedly declared, in diversity cases: "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum." ***Anderson v. Bayer Corp.*, 610 F.3d 390, 393 (7th Cir. 2010),  *citing Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000), and *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).**

Heartland sues under two contracts, one of which has a forum selection clause. Section 6.14 of the 2008 PASA plainly and unequivocally requires any action with respect to the 2008 PASA to be brought only in Effingham County Illinois Circuit Court. When parties freely negotiate a forum selection clause, the clause must be enforced in accord with its terms unless "exceptional circumstances" exist, ***AAR International, Inc. v. Nimelias Enterprises S.A.,* 250 F.3d 510, 524 (7th Cir. 2001),** *citing Bonny v. Society of Lloyd's,* **3 F.3d 156, 159-61 (7th Cir. 1993),** and Mortenson has identified no such circumstances here.

Five years ago, the Seventh Circuit described the friendly attitude federal courts must take toward forum selection clauses as follows:

> The attitude of this circuit … was made clear in *Northwestern National Ins. Co. v. Donovan*, [916 F.2d 372 (7th Cir. 1990),] where, citing the Supreme Court's decision in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 … (1972), and an earlier decision by this court, we said that "those decisions buried the outmoded judicial hostility to forum selection clauses. They make clear that since a defendant is deemed to waive (that is, he forfeits) objections to personal jurisdiction or venue simply by not making them in a timely fashion, a potential defendant can waive such objections in advance of suit by signing a forum selection clause. Their approach is to treat a forum selection clause basically like any other

7

> contractual provision and hence to enforce it unless it is subject to … the sorts of infirmity, such as fraud and mistake, that justify a court's refusing to enforce a contract." 916 F.3d at 375. **Freedom of contract requires no less.** Potential defendants would not agree to the inclusion of such a clause in their contracts if they thought it would put them at a disadvantage …, unless they were compensated for assuming that risk.
>
> If …, as in the present case the clause did favor the other party…, then probably "the defendants were compensated in advance," in other terms of the contract such as the price, "for bearing the burden of which they now complain," and if so **they would "reap a windfall if they are permitted to repudiate the forum selection clause**." *Id.* at 378.

***IFC Credit Corp. v. Aliano Bros. General Contractors, Inc.*, 437 F.3d 606, 609-10 (7th Cir. 2006)(emphasis added).**

The Seventh Circuit in **IFC Credit** reiterated that federal law accords forum selection clauses the same presumption of validity that attends the price, quantity, or other terms of a contract: the clauses can be invalidated only if they flunk the test of "fundamental fairness." ***Id.*, 437 F.3d at 610, *citing Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991).** In the case at bar, Mortenson has identified nothing to satisfy this standard. To the contrary, both parties to the 2008 PASA and the Operating Agreement (Heartland and Mortenson) were sophisticated business companies who freely negotiated these contracts. Mortenson has not demonstrated that enforcement of Section 6.14 would be unjust or unreasonable.

Forum selection clauses knowingly executed in arms-length negotiations are valid and enforceable and "cannot be circumvented by the grant of a motion for a change of venue." **Northwestern, 916 F.3d 378.** By agreeing to be sued in Effingham County Circuit Court, Mortenson "agreed not to seek to retract that agreement by asking

for a change of venue" or by removing the case to federal court, for such an attempt "would violate the duty of good faith that modern law reads into contractual undertakings." **Northwestern, 916 F.3d at 378.** Parties who freely contract to litigate disputes in a sole, exclusive, specific jurisdiction must honor the legitimate expectation that once made, such agreements will be enforced. **See Bremen, 407 U.S. at 12-13.**

In other words, by executing the 2008 PASA containing Section 6.14 (which states that Mortenson "irrevocably submits to the exclusive jurisdiction of the Circuit Court of Effingham County, State of Illinois," Doc. 2-1, p. 53), Mortenson agreed to that particular forum alone, thereby waiving (intentionally relinquishing) its right to remove the case from Effingham County Circuit Court. Remand is the appropriate remedy. ***See, e.g., Roberts & Schaefer Co. v. Merit Contracting, Inc.*, 99 F.3d 248, 254 (7th Cir. 1996)(court of appeals reversed district court's ruling and returned case with directions to remand to Illinois state court, because forum-selection clause in parties' contract provided that Illinois courts "shall have exclusive jurisdiction" to resolve disputes).**

D. Conclusion

For all these reasons, the Court finds that Section 6.14 of the 2008 PASA is a valid, enforceable and binding forum selection clause which mandates that this case be returned to the Effingham County Circuit Court. The Court **GRANTS** Plaintiff's motion to remand (contained within the jurisdictional memorandum ordered by this Court, Doc. 8, p. 6) and **REMANDS** this case to the Circuit Court of Effingham County, Illinois. This **RENDERS MOOT** Mortenson's motion to transfer (Doc. 10).

Finally, in connection with its remand motion, Plaintiff Heartland asks the undersigned Judge to award the "fees and costs incurred as a result of MFDC's attempted removal" (Doc. 8, p. 6). 28 U.S.C. 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In **Martin v. Franklin Capital Corp., 546 U.S. 132, 138 (2005),** the United States Supreme Court resolved a circuit split, rejected the Seventh Circuit's prior approach (that plaintiffs were presumptively entitled to an award of fees upon remand), and held that plaintiffs are entitled to attorneys' fees under § 1447(c) only if the defendant "lacked an objectively reasonable basis for seeking removal."

Although the undersigned Judge has concluded that this case belongs in Illinois state court, the Court cannot say that clearly established law demonstrated that Defendant Mortenson had no grounds to try to remove the case. Mortenson's argument for application of the competing forum selection clause in the ARMSA was a loser, but the Court cannot conclude that Mortenson lacked an objectively reasonable basis to attempt removal. Accordingly, the Court **DENIES** the request for an award of attorneys' fees and costs under 28 U.S.C. 1447(c).

IT IS SO ORDERED.

DATED August 22, 2011.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge